UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| ERIC J. TAYLOR, | ) | |
| --- | --- | --- |
| *Petitioner*, | ) | |
| v. | ) | No.: 3:09-cv-43 |
| | ) | (VARLAN/SHIRLEY) |
| DAVID MILLS, Warden, | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the Court on the renewed motion to dismiss[1] filed by the Attorney General for the State of Tennessee, on behalf of the respondent, and petitioner's response. For the following reasons, the renewed motion to dismiss [Doc. 18] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Eric J. Taylor ("Taylor") challenges his 2002 Knox County, Tennessee, convictions for first degree premeditated murder and aggravated assault. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the Court with copies of the opinions of the Tennessee appellate courts on direct appeal and on post-conviction, as well as other documents relevant to petitioner's appeals. [Doc. 10, Memorandum in Support of Motion to

---

[1]The respondent's original motion to dismiss was denied without prejudice, subject to renewal with proper supporting documentation, because the respondent failed to provide the Court with certain documents to which respondent referred in the motion to dismiss.

Dismiss, Attachment A; Doc. 18, Memorandum in Support of Renewed Motion to Dismiss, Attachments B- I].

Taylor was convicted by a jury of first degree premeditated murder and aggravated assault, and sentenced to life in prison. His convictions were affirmed on direct appeal. *State v. Taylor*, No. E2002-00966-CCA-R3-CD, 2003 WL 21542464 (Tenn. Crim. App. July 9, 2003), *perm. app. denied, id.* (Tenn. Oct. 6, 2003).

Taylor next filed a petition for post-conviction relief, which was denied after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Taylor v. State*, No. E2006-02555-CCA-R3-PC, 2007 WL 3332847 (Tenn. Crim. App. Nov. 9, 2007), *perm. app. denied, id.* (Tenn. Feb. 25, 2008).

Taylor filed the pending habeas corpus petition on January 29, 2009.[2] The Attorney General moves to dismiss the petition based upon the statute of limitation.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[2]The petition was received by the Clerk's Office on January 30, 2009. However, the envelope indicates that the petition was given to the prison mail room for mailing on January 29, 2009. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Taylor's conviction became final on January 4, 2004, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal).

Taylor's state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. Taylor filed his post-conviction petition on September 10, 2004. [Doc. 18-4, Attachment D, Petition for Post-Conviction Relief]. At that time 250 days of the one-year statute of limitation had elapsed, leaving 115 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on February 25, 2008, and the statute of limitation resumed running on that date. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (statute of limitation is not tolled during the pendency of a petition for certiorari to the U.S. Supreme Court); *Dunlap v. State*, No. E2001-00189-CCA-R3-PC, 2001 WL 1231507 *3 (Tenn. Crim. App. October 12, 2001), *perm. app. denied, id.* (Tenn. May 6, 2002) (state court decision becomes final on the date the Tennessee Supreme Court either files its opinion or denies permission to appeal; the 30 days after judgment for the mandate to issue does not apply to toll a statute of limitation).

As noted, Taylor had 115 days, or until June 19, 2008, to seek federal habeas corpus relief. Taylor's habeas corpus petition was not filed until January 29, 2009, well past the expiration of the statute of limitation, and thus was not timely.

In response to the motion to dismiss, Taylor states that he was told by a legal aide in the prison law library that he had one year from the final decision of the Tennessee Supreme Court to file his habeas petition. Taylor believed the year began to run with the Supreme Court's denial of post-conviction relief, and was not aware the year began to run after the conclusion of his direct appeal. According to Taylor, the legal aide misunderstood and believed Taylor was asking about the time to file a direct appeal.

The Sixth Circuit has found that the AEDPA's one year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* at 1008. However, "[t]hese factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citation omitted).

4

Taylor has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). *See also Lawrence v. Florida*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) ("To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.").

Taylor seeks relief from the one-year statute of limitation based upon misinformation he received from an inmate legal helper. Without more, however, Taylor is not entitled to equitable tolling of the statute of limitation. "It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). *See also Harrison v. I.M.S.*, 56 F. App'x 682, 685 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002) (Generally, "a lawyer's mistake is not a valid basis for equitable tolling."). Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209

F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to dismiss will be **GRANTED**, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** Taylor leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE